## Brown v. Lower Allen Township Commissioners

Before Shughart, P.J. and Rambo, J.
*Keith A. Clark,* for plaintiff's.
*Robert E. Yetter,* for defendants.

RAMBO, *J.,* March 16, 1977— On August 28, 1973, plaintiffs filed a petition for a declaratory judgment in which they requested the court to construe the terms and provisions of the defendant township's ordinance relating to sewer and water rental billings.

On September 14, 1973, defendants filed an answer. On August 29, 1975, plaintiffs served on defendants interrogatories under Pa. R.C.P. 4005 and requests for admissions under 4014. On September 8, 1975, defendants filed answers and objections to the requests for admissions and objections to the interrogatories and a motion for protective order.

On March 9, 1977, the court en banc heard oral argument on defendants' objections to the interrogatories and motion for protective order.

The interrogatories essentially ask for extensive data concerning the township's and/or authority's sewer and water billing. For the township to supply the answers to these interrogatories would require the township to supply extensive factual material at the expense of the township and ultimately the taxpayers.

In Miller v. Bethlehem Steel Corporation, 56 D. & C. 2d 269 (Cumberland Co. 1972) the court held that annoyance, expense and oppression may not be invoked to defeat a right which is provided by the Pennsylvania Rules of Civil Procedure to meet a need arising out of the pleadings.

The instant case differs from the Bethlehem Steel case in that in the Bethlehem Steel case defendant was resisting plaintiffs obtaining the information. In the instant case, defendants are not resisting the imparting of the information. It is defendants' contention that the township and authority records are public records and available to plaintiffs.

In 1958 Assessment of Glen Alden Corp., 17 D. & C. 2d 624 (Luzerne Co. 1958) the companies appealed from assessments of coal lands in various county subdivisions. Interrogatories were filed requesting information as to whether the coal in each tract of land was separately assessed or whether it was merely included with the total valuation. The court noted that the information sought was a matter of public record and that certain interrogatories should not be answered.

In National Forge Co. v. Harsco Corporation, 49 D. & C. 2d 498 (Warren Co. 1970) plaintiff filed interrogatories under Pa. R.C.P. 4005, a motion to produce under Pa. R.C.P. 4009 and a notice of depositions under Pa. R.C.P. 4007. In that case, the court directed plaintiff to proceed with its oral deposition and production and inspection of records and thereafter to proceed with interrogatories that remained unanswered.

Accordingly, in the instant case, plaintiff's should avail themselves of the public records of the township and authority to obtain the answers to their interrogatories.

## ORDER

And now, March 16, 1977, for the reasons stated in the opinion filed this date, defendants' motion for a protective order is hereby granted.